J-S26036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LAMONT FULTON | : | |
| | : | |
| Appellant | : | No. 3275 EDA 2017 |

Appeal from the PCRA Order September 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0413241-2002

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 04, 2018**

Appellant Lamont Fulton appeals from the Order entered in the Court of Common Pleas of Philadelphia County on September 15, 2017, denying as untimely his petition filed pursuant to the Post Conviction Relief Act.[1]   We affirm.

A panel of this Court previously set forth the relevant facts and procedural history on appeal from the Order entered on July 11, 2013, denying his first PCRA petition as follows:

> Following a bench trial, which was held on March 8, 2006, Appellant was found guilty but mentally ill of first-degree murder and guilty of possession of an instrument of crime ("PIC"). On May 8, 2006, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole on the murder conviction and a concurrent term of two and one-half to five years of incarceration for the PIC conviction. Appellant filed a direct appeal to this Court, and in a memorandum filed on November 16,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*   Former Justice specially assigned to the Superior Court.

2007, this Court affirmed Appellant's judgment of sentence *Commonwealth v. Fulton*, 1535 EDA 2006, 944 A.2d 791 (Pa. Super. November 16, 2007) (unpublished memorandum). Appellant did not pursue an appeal in the Pennsylvania Supreme Court.

On August 11, 2008, Appellant filed a PCRA petition seeking the reinstatement of his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Counsel was appointed, and on December 18, 2009, the PCRA court reinstated Appellant's right to seek allowance of appeal in the Supreme Court. On August 11, 2010, the Supreme Court denied Appellant's petition. *Commonwealth v. Fulton*, 3 A.3d 670 (Pa. 2010).

On September 17, 2010, Appellant filed a pro se PCRA petition. The PCRA court appointed counsel, and Appellant filed an amended PCRA petition on May 9, 2012. On May 3, 2013, pursuant to Pa.R.Crim.P. 907, the PCRA [court] notified Appellant of its intent to dismiss the PCRA petition without a hearing. The PCRA court dismissed Appellant's PCRA petition in an order filed on July 11, 2013. On July 29, 2013, Appellant filed a timely appeal.

*Commonwealth v. Fulton*, No. 2168 EDA 2013, unpublished memorandum at 1-2 (Pa.Super. filed July 30, 2014).

In his prior appeal, Appellant averred trial counsel had been ineffective for failing to pursue a claim of diminished capacity in light of his suffering from a serious mental illness at the time of the offense. In finding no merit to this claim and in affirming the PCRA court's Order, this Court noted that:

[t]he record reveals that trial counsel pursued a diminished capacity defense and provided supporting documentation in the form of Appellant's mental health evaluations, diagnoses, opinions, and medical records. N.T., Trial, 3/8/06, at 108-110. Moreover, trial counsel argued that, should the trial court find Appellant guilty, in light of Appellant's mental health issues which are supported by the aforementioned documents, the conviction should only be for third-degree murder due to Appellant's mental health. *Id*. at 160-164.

*Id*. at 5-6. The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on January 26, 2015. *Commonwealth v. Fulton*, 630 Pa. 740, 108 A.3d 34 (2015).

On February 3, 2015, Appellant filed the instant PCRA petition, his second, *pro se*. Appellant thereafter filed amended and/or supplemental petitions on February 15, 2015, August 26, 2015, September 15, 2015, January 6, 2016, May 14, 2016, and October 26, 2016. After notifying Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P 907 on July 17, 2017,[2] the PCRA court dismissed Appellant's petition in its Order filed on September 15, 2017. This timely appeal followed.

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Smallwood*, 155 A.3d 1054, 1059 (Pa.Super. 2017) (citations omitted).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa.Super. 2014).

---

[2] Appellant filed responses to the Rule 907 Notice on July 24, 2017, July 26, 2017, July 28, 2017, August 17, 2017, August 23, 2017, and August 31, 2017.

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013). This is true even where, as herein, the appellant challenges the legality of his sentence. ***Commonwealth v. Fahy***, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Herein, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 11, 2010.  Thus, Appellant's judgment of sentence became final on or about November 11, 2010, at which time the ninety-day period in which he had to seek review in the United States Supreme Court expired.  *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review").   A timely petition had to be filed by November 11, 2011; therefore, the instant PCRA petition filed in February of 2015 is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case.  *See* 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Appellant did not attempt to invoke any of the aforementioned exceptions to the PCRA time bar in his February 3, 2015, PCRA petition, and he does not present a clear statement of the questions involved in his appellate brief.  Indeed, his disorganized brief is comprised of rambling,

- 5 -

repetitive and often incoherent statements through which he essentially challenges the effectiveness of all prior counsel. In particular, he claims trial counsel had been ineffective for advancing a diminished capacity defense which contradicted his own claims he was innocent. As the PCRA court correctly noted in its Pa.R.A.P. 1925(a) Opinion:

> Here, [Appellant] argued ineffective assistance of all prior counsel. His main contention, however, was that trial counsel was ineffective for advancing a diminished capacity defense that contradicted [Appellant's] own testimony that he was innocent. PCRA petition, 2/18/15 [sic] at 21-44; *see also* Amended PCRA petition, 9/18/15, Response to 907, 7/24/17, and *Pro se* Correspondence, 7/26/17. In pleading his claim, [Appellant] utterly failed to invoke an exception to the timeliness exception, electing, instead, to address the alleged merits of his underlying claims. Contrary to [Appellant's] arguments, allegations of ineffective assistance of counsel are insufficient to overcome [an] otherwise untimely PCRA claim. *Commonwealth v. Lark*, 746 A.2d 585, 589 (Pa. 2000). Additionally, a careful review of the record reveals that his ineffectiveness claim regarding the diminished capacity defense was raised by Ms. Elayne Bryn, who was his counsel on his first PCRA petition.[8] This claim was dismissed, the dismissal affirmed by the Superior Court, and allocator denied by the Pennsylvania Supreme Court. As this ineffectiveness claim was previously litigated, [Appellant] was not eligible for relief. 42 Pa.Cons. Stat. § 9543(a)(3).
>
> ___
>
> [8] In her brief, Ms. Bryn argued the ineffectiveness of trial counsel's strategy:
>> [Appellant] was permitted to testify on his own behalf, unmedicated without the benefit of a current psychiatric evaluation of his then present mental state. This trial strategy negated the availability of a diminished capacity defense. . . Because counsel's trial strategy cannot be reasonable absent adequate investigation of alternatives, trial counsel could not make a reasonable strategic decision to present a different defense in this present matter. Trial counsel did not adequately investigate [Appellant's] mental

> history, and therefore, counsel could not make a rational
> decision to avoid a diminished capacity defense.
> Amended PCRA, 5/4/12 at unnumbered 4-5 (citations omitted).

Trial Court Opinion, filed 11/21/17, at 3-4 (unnumbered).

To the extent Appellant attempts to invoke the newly recognized constitutional right exception in his appellate brief, *See* Brief for Appellant at 8-13 (unnumbered), he has waived any such argument, as an exception to the PCRA time bar must be pled in a PCRA petition and cannot be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super. 2007), appeal denied, 598 Pa. 786, 959 A.2d 927 (2008); *see also*, Pa.R.A.P. 302(a)(providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, the cases to which Appellant cites, *McQuiggen v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013) and *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) pertain to federal habeas corpus law, not PCRA petitions; thus, they are not dispositive of Appellant's claims.

In *McQuiggen*, the United States Supreme Court held that in federal habeas corpus proceedings, strict compliance with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) will not be required when the petitioner advances a convincing claim of actual innocence. *McQuiggen*, 133 S.Ct. at 1928. Under *McQuiggen*, petitioners who assert a convincing actual innocence claim may invoke the miscarriage of justice exception to overcome the federal habeas corpus statute of limitations. *Id.* However, in

*Commonwealth v. Brown*, 143 A.3d 418 (Pa.Super. 2016) this Court addressed the applicability of *McQuiggen* to the timeliness provisions set forth in the PCRA and declined to follow it on state-law grounds. Moreover, Appellant failed to file the instant PCRA petition within 60 days of the date *McQuiggen* was decided, May 28, 2013, as required by Section 9545(b)(2).

Similarly, *Martinez* recognizes that for purposes of federal habeas corpus relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." *Martinez, supra* at 1315. Nevertheless, this Court has held while *Martinez* represented a significant development in federal habeas corpus law, it was inapposite with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA. *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa.Super. 2013), appeal denied, 621 Pa. 657, 72 A.3d 603 (2013), cert. denied, 134 S.Ct. 944, 187 L.Ed.2d 811, 82 USLW 3406 (2014).

In light of the foregoing, Appellant has filed a facially untimely PCRA petition and has failed to plead and prove the applicability of any exception to the PCRA time-bar. We, therefore, affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/18